IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CCI CONSTRUCTION CO.,** : | **CIVIL NO. 1:CV-04-0015** |
| **Plaintiff** : | |
| **v.** : | |
| **MANUFACTURERS AND** : | |
| **TRADERS TRUST COMPANY,** : | |
| **Defendant** : | |

## **MEMORANDUM AND ORDER**

Before the court is Defendant's motion for sanctions.[1] (Doc. 42.) Defendant argues that Plaintiff should be sanctioned under Federal Rule of Civil Procedure 11 because the claims Plaintiff raised in its complaint were unwarranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law. Specifically, Defendant contends that Plaintiff's lender liability claim was clearly barred by the Third Circuit's decision in *Oneida v. Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414 (3d Cir. 1988).

Plaintiff filed for Chapter 11 bankruptcy on May 19, 2000 in the Middle District of Pennsylvania. Defendant was one of Plaintiff's creditors. During the bankruptcy proceedings, Plaintiff filed a disclosure statement, but it did not include a lender liability claim against Defendant, which was based on Defendant's alleged breach of a promissory note existing between the two parties. Later, the bankruptcy

---

[1] Defendant previously filed a motion for sanctions in this case, which the court denied without prejudice because it was too early in the case to determine whether sanctions were appropriate.

court confirmed Plaintiff's plan of reorganization without the inclusion of the lender liability claim. On February 14, 2003, Plaintiff sought permission from the bankruptcy court to pursue a lender liability claim against Defendant. Defendant argued that Plaintiff's request should be rejected because the claim was barred by the doctrine of equitable estoppel. The bankruptcy judge, nevertheless, permitted Plaintiff to file its lender liability claim, but noted that Defendant was not prevented from raising its equitable estoppel defense.

Plaintiff filed its lender liability claim against Defendant on July 15, 2003 in the Philadelphia County Court of Common Pleas, and the case was removed to federal court. Defendant filed a motion to dismiss or for summary judgment, arguing that Plaintiff's claims were barred by the doctrines of equitable estoppel and *res judicata*. Finding that *Oneida* barred Plaintiff's lender liability claim because Plaintiff did not disclose the claim during bankruptcy proceedings, the court granted Defendant's motion on equitable estoppel grounds and did not address Defendant's *res judicata* argument. Plaintiff appealed this court's decision to the Third Circuit, and on April 20, 2005, the Third Circuit agreed with this court's reasoning and affirmed the judgment. In so deciding, the Third Circuit asserted that *Oneida* clearly controlled the outcome of the case.

In determining whether Rule 11 sanctions apply in this case, the court must employ "an objective standard of reasonableness" and judge the attorney's conduct by "what was reasonable to believe at the time the pleading, motion, or other paper was submitted."[2] *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 94 (3d Cir.

---

[2]Defendant argues that John Ortenzio, Plaintiff's sole shareholder, should also be held responsible
(continued...)

1988). Defendant asserts that under this standard, Plaintiff should be sanctioned because the lender liability claim was clearly barred by *Oneida* and because Plaintiff's actions were motivated by a desire to retaliate against Defendant for Defendant's successful prosecution of a common law fraud claim, which was also litigated before this court.

      Upon review of Defendant's arguments, the court concludes that sanctions are not warranted. First, Plaintiff's lender liability claim was not so clearly barred by the doctrine of equitable estoppel that the bankruptcy judge prohibited the claim from being pursued. The bankruptcy judge heard many of the same arguments presented to this court and did not come to the conclusion that *Oneida* was an absolute bar. Given the bankruptcy judge's permission to pursue the claim, Plaintiff was not unreasonable in proceeding as it did. Second, although it is now clear that Plaintiff inappropriately relied on cases decided after *Oneida*, such as *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355 (3d Cir. 1996), because those cases dealt with judicial estoppel instead of equitable estoppel, the court cannot definitively say that Plaintiff acted unreasonably in relying on those cases in bringing its suit. Granted, equitable and judicial estoppel are distinct concepts, but some of the principles announced in *Ryan Operations* do overlap with equitable estoppel principles. The court will not sanction Plaintiff for its misinterpretation of a relatively complex legal issue. In the range of potentially frivolous arguments this court has seen over time, Plaintiff's arguments, by comparison, were not patently unreasonable.

---

[2](...continued)
for the filing of the lender liability claim because the claim was filed at his direction.

In accordance with the foregoing discussion, **IT IS HEREBY ORDERED THAT**:

1) Defendant's motion for sanctions (Doc. 42) is **DENIED**.

2) The Clerk of Court shall close this case.

               s/Sylvia H. Rambo
               SYLVIA H. RAMBO
               United States District Judge

Dated: June 14, 2005.